The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner D. Bernard Alston. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Worker's Compensation Act.
2. The employer-employee relationship existed between the defendant employer and the plaintiff employee at all relevant times herein.
3. The defendant is an approved self insured.
4. Plaintiff's average weekly wages will be determined from a Form 22 to be submitted by defendant.
5. The issue to be determined is whether plaintiff suffers from an occupational disease that was contracted in the course and scope of her employment with defendant.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. At the time of hearing, plaintiff was forty-four years old. She had completed high school and had gone to college for two years. Plaintiff had been employed by defendant for the last 20.5 years. She had been a cashier for the last eleven years.
2. As a cashier, plaintiff collects funds from students, does daily cash reports, makes bank deposits, makes receipts and uses a computer. Approximately 80 to 85% percent of her time is spent collecting money which requires her to give receipts. In order for plaintiff to give a receipt she has to tear a part of the receipt that she is writing and has to hand it to the respective individual.
3. In May 1994, plaintiff began to experience pain in her right shoulder. Plaintiff initially went to see her family doctor, Dr. Kenneth Locklear. Dr. Locklear referred plaintiff to Dr. Fax. Dr. Fax treated plaintiff for a period of time and when she did not respond to his treatment Dr. Locklear referred her to Dr. Henry Vann Austin.
4. Dr. Austin first saw plaintiff on July 12, 1994, at which time plaintiff was complaining of pain in her right shoulder. Prior to coming to see Dr. Austin, Dr. Fax had injected plaintiff's shoulder but she got no relief from the same.
5. Upon examination, Dr. Austin found her to have very severe motion loss in her right shoulder, a little puffiness of the middle knuckles of the right hand and he wondered whether she had an overall arthritis.
6. Dr. Austin diagnosed plaintiff's condition as adhesive capsulitis or frozen shoulder. Plaintiff failed to respond to his treatment and he referred her to see Dr. David P. Fedder.
7. Dr. Fedder first saw plaintiff on August 25, 1994. Plaintiff's complaints consisted of pain in the right shoulder, swelling in the lower arm for the last three months, and limitation of motion of her shoulder.
8. Dr. Fedder also diagnosed plaintiff's condition as adhesive capsulitis of the right shoulder, which is an inflammatory problem that limits motion of the shoulder, and it is also known as frozen shoulder. He initially treated plaintiff's condition with anti-inflammatory medication, rehabilitation, and a range of motion program.
9. Plaintiff made slow progress, and this was expected for the kind of injury she had sustained.
10. It was Dr. Fedder's opinion that plaintiff's job did not place her at a greater risk of developing adhesive capsulitis, nor did her job cause any pre-existing condition plaintiff may have had to worsen.
11. Dr. Fedder was also of the opinion that plaintiff's job did not significantly contribute to nor was it a significant causal factor in the development of plaintiff's condition.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff does not suffer from an occupational disease that was caused by her employment with defendant.
2. Plaintiff has failed to prove by the greater weight of the evidence that any condition from which she suffers is a natural consequence of her employment.
3. Plaintiff has failed to prove by the greater weight of the evidence that she is entitled to recover any workers' compensation benefits in this matter.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiff's claim for benefits under the Workers' Compensation Act must under the law be and the same is hereby DENIED.
2. Each side shall pay its own costs.
This the ___ day of July 1998.
 S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ______________________ DIANNE C. SELLERS COMMISSIONER
S/ ______________________ CHRISTOPHER SCOTT COMMISSIONER